OPINION OF THE COURT
Memorandum.
Order and judgment affirmed, with $25 costs.
The basic facts in this case are contained in the opinion of *543 the court below. We affirm the determination of the court below for reasons other than those stated by it.
It appears from the record before this court that Robert DelGrosso was the named "tenant” in the original lease with the landlord. This lease was signed on June 6, 1956 by Robert DelGrosso. It further appears that Robert DelGrosso passed away while he was still the named "tenant” and while his wife, Diana and his daughter Lisa, resided with him in the apartment. As such, both Diana and Lisa became entitled to occupy the apartment in question and could not be evicted therefrom. New York City Rent and Eviction Regulations § 56 (d) provides that "No occupant of housing accommodations shall be evicted under this section where the occupant is either the surviving spouse of the deceased tenant or some other member of the deceased tenant’s family who has been living with the tenant.” Applying that section to the apparent facts of this case would result in both Diana (the surviving spouse) and Lisa (another member of the deceased’s family) acquiring equal rights to occupy the apartment so that when one of them moved out, it would not result in the termination of the other’s right to remain therein. To hold otherwise, it would be necessary to assert, contrary to the impact of the above statute, that the mother succeeded to the right of her deceased husband to the exclusion of her daughter whose rights would be thereby impliedly derivative from the mother.
Kassoff, J. P., Monteleone and Lerner, JJ., concur.